IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe,                     ) | No. CV 04-661-TUC-CKJ |
|                               ) | |
|         Plaintiff,            ) | **ORDER** |
|                               ) | |
| vs.                           ) | |
|                               ) | |
| State of Arizona, et al.      ) | |
|                               ) | |
|         Defendants.           ) | |
|                               ) | |

    Pending before the Court is Plaintiff's "Motion to Extend Time to Appeal" and "Motion to Redact True Name and Seal Identity." The final judgments dismissing the individual defendants in this case were signed on 7/1/05, 8/10/05, and 9/12/05. Plaintiff filed her motion to extend time to file appeal on November 14, 2005.

    Pursuant to Fed. R. App. P. 4(a)(1) ("Rule 4"), Plaintiff had to file her notice of appeal within 30 days after judgment was entered. Plaintiff did not comply with this provision. Pursuant to Rule 4(a)(5)(A)(i), a district may extend the time to appeal upon a party's motion if "a party so moves no later than 30 days after the time" limit set in Rule 4(a)(1) which is within 30 days after the judgment is entered. Plaintiff failed to file her motion for an extension of time to appeal within this 30 day grace period.

1   Thus, this Court is without jurisdiction to grant Plaintiff's motion. *See Vahan v. Shalala*,
2   30 F.3d 102, 103 (9th Cir. 1994)(per curium)(holding that Rule 4(a)'s time limits are
3   jurisdictional such that where a party files its motion for an extension of time more than 30
4   days after the time prescribed by Rule 4(a)(1) expires, a district court lacks authority under
5   Rule 4(a)(5) to extend the time for filing a notice of appeal). In addition, Plaintiff has failed
6   to show "excusable neglect or good cause" for her untimely request. *See* Rule 4(a)(5)(A)(ii).
7   Plaintiff's one arrest on 5/5/05 and her claim that she has been on medication since July of
8   2005 allegedly causing "diminished capacity" does not demonstrate that Plaintiff was unable
9   to file a simple notice of appeal during the relevant times in question. Accordingly,
10  Plaintiff's "Motion to Extend Time to Appeal" is denied.
11     Lastly, as this case has been dismissed, Plaintiff's "Motion to Redact True Name and Seal
12  Identity" is denied as moot.

15     DATED this 15th day of December, 2005.

_____
Cindy K. Jorgenson
United States District Judge

- 2 -